## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRENDA HEALY, | ) | |
| | ) | Case No.  1:18-cv-12133 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CORIN GROUP, PLC, | ) | |
| CORIN USA LIMITED, INC., | ) | |
| HOWMEDICA OSTEONICS CORP, and | ) | |
| DANIEL C. SNYDER, M.D. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant Howmedica Osteonics Corp. ("HOC"), through undersigned counsel, hereby removes the state court action entitled *Brenda Healy v. Corin Group, PLC, et al.*, C.A. No. 1882-cv-00807, filed in the Superior Court for Norfolk County, Massachusetts.   Removal is warranted under 28 U.S.C. § 1441(b) because the Court has original jurisdiction over this action under 28 U.S.C. § 1332.

In support of removal, HOC states as follows:

1. On or about June 19, 2018, plaintiff Brenda Healy ("Plaintiff") commenced this action by filing a Complaint in the Superior Court for Norfolk County, Massachusetts, bearing case number 1882-cv-00807.  A true and correct copy of the Complaint is attached hereto as <u>Exhibit A</u>.

2. Plaintiff alleges that she suffered various injuries as a result of being implanted with a total hip replacement consisting of components manufactured by both HOC and defendants Corin Group, PLC and Corin US Limited, Inc. (collectively, "the Corin Defendants").  (Compl. ¶¶ 6-7).

3.  In her Complaint, Plaintiff asserts breach of warranty and G.L. c. 93A claims against HOC and the Corin Defendants.  Plaintiff also asserts a breach of warranty claim against defendant Daniel Snyder, M.D. ("Dr. Snyder"), whom she alleges "recommended, distributed, sold, and implanted" the hip replacement at issue.  (Compl. ¶ 37).

4.  As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and HOC has satisfied the procedural requirements for removal.

## I.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

5.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which the properly-joined defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.   In this case, the presence of in-state defendant Dr. Snyder is not a bar to removal because, as shown below, Dr. Snyder is fraudulently joined.

### A.    There is a Complete Diversity of Citizenship Between the Plaintiff and the Properly Joined Defendants.

6.  Plaintiff is a citizen of the Commonwealth of Massachusetts.  (Compl. ¶ 1).

7.  Defendant HOC is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey, with its principal place of business in New Jersey, and, therefore, is a citizen of the State of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

8.  Plaintiff alleges that defendant Corin Group, PLC is, and was at the time Plaintiff commenced this action a foreign corporation with its principal place of business in the United Kingdom.  (Compl. ¶ 2).

2

9. Plaintiff alleges that defendant Corin USA Limited, Inc. is, and was at the time Plaintiff commenced this action a foreign corporation with a principal place of business in Florida. (Compl. ¶ 3).

10. The improperly-joined defendant Dr. Snyder is a citizen of the Commonwealth of Massachusetts.  However, as set forth in greater detail below, Plaintiff fraudulently joined Dr. Snyder.  Therefore, his citizenship must be disregarded because there is "no reasonable possibility" that Plaintiff could recover for claims of breach of warranty against Dr. Snyder.  *See Rosbeck v. Corin Group, PLC, et al.,* Superior Court No. 15-1299F (Mass. Super. Mar. 9, 2017) (dismissing a breach of warranty claim against a medical provider because "transactions between medical service providers and patients are not sales of goods" under G.L. c. 106) (copy of order attached as Exhibit B); *see also Reis v. Spectrum Health Systems, Inc.*, 2016 WL 4582241 at *5 (Mass. Super. Aug. 16, 2016) ("A transaction between a medical service provider and a patient is dominated by a service, not a sale of goods, and does not fall within the scope of the UCC"); *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1217 n. 22 (10th Cir. 2002) ("an overwhelming majority of jurisdictions [have] refused to apply strict liability principles to claims against . . . physicians involving the distribution of allegedly dangerous drugs or medical devices.").

11. Dr. Snyder's presence in this action does not destroy diversity jurisdiction or prevent removal to this Court.  *See Carey v. Bd. of Governors of Kernwood Country Club*, 337 F.Supp.2d 339, 341 (D. Mass. 2004).

12. Accordingly, this action involves "citizens of different States," *see* U.S.C. § 1332(a)(1)-(2)*,* because Plaintiff is a citizen of Massachusetts and no properly joined defendant is a

citizen of Massachusetts.  Therefore, removal of this action is proper under 28 U.S.C. § 1441(b).

### *Dr. Snyder is Fraudulently Joined*

13. It is well established in the District of Massachusetts that a plaintiff may not impede a defendant's right of removal by fraudulently joining a non-diverse defendant.  *See, e.g., Universal Truck & Equip. Co. v. Southworth—Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014); *Kauders v. Uber Techs., Inc.*, No. 16-11659-FDS, 2017 WL 1652551, at *2 (D. Mass. May 1, 2017); *Mills v. Allegiance Healthcare Corp.*, 178 F.Supp.2d 1, 4 (D. Mass. 2001).

14. "The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse [or in-state] party has a reasonable basis in law and fact."  *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4 (D. Mass. 2001).  "A mere theoretical possibility of recovery under state law does not suffice to preclude removal."  *Id.* at 5.  Rather, the plaintiff must demonstrate that she has a "reasonable possibility" of succeeding on her claims against the non-diverse or in-state defendant under the applicable state law.  *Id.*

15. Plaintiff's claim against Dr. Snyder for breach of warranty (Count III) has no reasonable possibility of success because a physician is not a "seller" for purposes of Massachusetts warranty law.  Under Massachusetts law, warranty liability is limited to the "seller" of a purportedly defective product.  The seller must be "a merchant with respect to goods of that kind."  *See* G.L. ch. 106, § 2-314(1).  Claims for breach of warranty must arise out of "transactions in goods," not the provision of services.  *Rosbeck v. Corin Group, PLC, et al,* Superior Court No. 15-1299F (Mass. Super. Mar. 9, 2017) (dismissing a claim of

breach of warranty related to a hip implant against a hospital because the hospital was

providing a service, not distributing a product).

16. In her Complaint, Plaintiff asserts a single breach of warranty claim against Dr. Snyder.

Specifically, Plaintiff alleges that Dr. Snyder "recommended, distributed, sold, and

implanted" the subject hip system.  (Compl. ¶ 37).  She further alleges that Dr. Snyder

"expressly and implied [sic] warranted to plaintiff and to the general public that said

products were safe, merchantable and fit for their intended purposes and uses.  Defendant

breached the warranties implied by law because said products were unsafe, not of

merchantable quality, and unfit for their intended uses and purposes."  (Compl. ¶ 40).

Plaintiff further alleges that she sustained "severe and permanent injuries" as a "direct

and proximate result of the breach of warranty and conduct of [Dr. Snyder]."  (Compl. ¶

41).   These facts cannot form the basis of a breach of warranty claim because Dr.

Snyder's role in Plaintiff's surgery was as a medical *provider*, not as a "merchant with

respect to goods of that kind."   *See* G.L. ch. 106, § 2-314(1).

17. Massachusetts courts have dismissed claims where, as here, a medical provider

(such as a hospital or physician) merely made a medical device available to a

patient as part of his or her treatment.

18. In *Rosbeck v. Corin Group, PLC, et al,* Superior Court No. 15-1299F (Mass. Super. Mar.

9, 2017), the court dismissed a breach of implied warranty claim against Brigham and

Women's Hospital on the grounds that the hospital is not "a seller of goods" as

contemplated by G.L. c. 106. There, *Rosbeck* alleged that Brigham & Women's

Hospital's provision of a hip resurfacing device rendered it a seller of goods and, thus,

liable for breach of warranty. The court rejected this argument, holding that since "courts

have widely viewed the use of medical devices, or the installation of prosthetics, as part of a provision of medical services rather than a sale of goods" the claims against the hospital must be dismissed.[1]

19. Similarly, in *Reis v. Spectrum Health Systems, Inc.*, 2016 WL 4582241 at *5 (Mass. Super. Aug. 16, 2016), the court summarily ruled that "[a] transaction between a medical service provider and a patient is dominated by a service, not a sale of goods, and does not fall within the scope of the UCC."

20. Further, courts in several other states have dismissed similar claims against physicians on the basis that the doctor did not "sell" the device to his or her patient. *See, e.g., Cafazzo v. Central Medical Health Services, Inc.,* 668 A.2d 521, 524 (Pa. 1995) (affirming dismissal of strict liability claims against physician and hospital and stating that it is "clear that provision of medical services is regarded as qualitatively different from the sale of products"); *Ayyash v. Henry Ford Health Sys.*, 533 N.W.2d 353, 354 (Mich. 1995) ("Because the primary function of physicians . . . is to provide care, not to manufacture or distribute products, those economic theories that underlie the imposition of strict liability upon makers and sellers or products do not justify the extension of strict liability to those who provide medical services"); *In re Breast Implant Product Liability Litigation*, 503 S.E.2d 445, 452 (S.C. 1998) ("health care providers offer services, not

---

[1] Prior to the dismissal of the breach of warranty claim against the hospital in *Rosbeck*, the case had been removed to the District of Massachusetts, which remanded the case to the Superior Court. *See Rosbeck v. Corin Grp., PLC*, 140 F. Supp. 3d 197 (D. Mass. 2015) (finding that there was a reasonable possibility of success on breach of warranty claim against the hospital because there was "no definitive Massachusetts case law on this question."). Importantly, this remand decision and the similar remand decision in *Phillips v. Medtronic, Inc.*, 754 F. Supp. 2d 211, 217 (D. Mass. 2010) came *before* two Superior Court decisions dismissing these claims against the hospitals.

products," and therefore cannot be found liability under Article II or common law warranty theories) *Quinones v. Waltz,* 258 A.D.2d 420, 421 (N.Y. App. Div. 1999) ("[t]he complaint failed to allege any cognizable claim for breach of warranty against defendant doctor since he did not sell the simulator to plaintiff"); *Goldfarb v. Teitelbaum*, 149 A.D.2d 566 (N.Y. App. Div. 1989) (in case against a dentist, "[t]he placing of the prosthesis in [plaintiff's] mouth did not constitute a 'sale' of the device as required for a cause of action sounding in products liability and breach of warranty").

21. Accordingly, there is no "reasonably possibility" that Plaintiff's Complaint states a cause of action against Dr. Snyder upon which relief may be granted and, as such, Dr. Snyder's citizenship must be disregarded for the purposes of determining diversity of citizenship in this matter.


**B.    The Amount in Controversy Exceeds $75,000**


22. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Though Plaintiff's Complaint does not detail the amount of damages Plaintiff seeks, the 93A demand letter attached to the Complaint demands $2,000,000 for the harm Plaintiff allegedly suffered.  (Compl., Ex. A).

23. Even though the Plaintiff did not affirmatively state the damages sought in her Complaint, a defendant need only show a "reasonable probability" that the amount in controversy exceeds $75,000.  *Jones v. Home Depot USA, Inc.* No. 12-12202-RWZ, 2013 WL 1282356, at *1 (D. Mass. Mar. 29, 2013).  Where, as here, the $75,000 jurisdictional amount is not alleged, the Court may review the complaint to "determin[e] a reasonable amount in controversy."  *Fraternidad Internacional Asambleas de Dios*

*Autonomas Hispanas, Inc. v. Gen. Council of the Assemblies of God,* No. 14-1532-DRD,

2015 WL 1445740, at *4 (D.P.R. Mar. 30, 2015).

24. Plaintiff alleges that she has "incurred medical expenses," "has suffered years of

debilitating physician and mental pain and anguish; has been forced to seek out

extensive medical treatment; has lost income and suffered a loss of earning capacity; and

has been required to undergo additional painful and invasive procedures . . . ."  (Compl.

¶ 25).

25. Allegations similar to these have been held to establish, on their face, that the amount in

controversy exceeds the jurisdictional requirement. *See, e.g., Milter v. Wright Med.

Group, Inc.*, No. 11-cv-1153, 2011 WL 4360024, at *3 (E.D. Mich. Sept. 19, 2011)

(holding that the amount in controversy had been satisfied in a similar case involving an

allegedly defective hip implant that the plaintiff alleged resulted in premature loosening

and an adverse local tissue reaction, causing him an extended period of disability,

medical expenses, lost wages, and "much physical and mental pain and suffering."); *see

also Rosbeck v. Corin Group, PLC*, 140 F. Supp. 3d 197, 204 n.6 (D. Mass. 2015)

(finding that "the Court is satisfied, and the parties do not dispute, that this case fulfills

the amount-in-controversy requirement" in lawsuit seeking damages for an allegedly

defective hip resurfacing system); *Devore v. Howmedica*, 658 F. Supp. 2d 1372, 1375-76,

1379-81 (M.D. Fla. 2009) (discussing the plaintiff's pre-suit demand letter, which

claimed that similar injuries and medical care as those alleged by Plaintiffs here exceeded

$646,000); *Bloodsworth v. Smith & Nephew*, No. 2:05CV622-D, 2005 WL 3470337, at

*2 (M.D. Ala. Dec. 19, 2005) (in hip implant product liability case, plaintiff stipulated

that amount in controversy exceed $75,000); *Askew v. DC Med., LLC*, No. 1:11-CV-1245-WSD, 2011 WL 1811433, at *1 (N.D. Ga. May 12, 2011) (plaintiff did not dispute that the amount in controversy in hip implant product liability action exceeded $75,000); *Oiler v. Biomet Orthopedics, Inc.*, No. CIV-A-02-3778, 2003 WL 22174285, at *1 (E.D. La. Sept. 17, 2003) (denying remand in a hip implant product liability case where defendants had successfully argued that 'it was facially apparent that the amount in controversy exceeds $75,000.00 exclusive of interest and costs').

26. Accordingly, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. §1332.

II.     **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.**

27. In addition to satisfying the requirements of diversity jurisdiction, removing defendant HOC has satisfied all other requirements for removal.

28. HOC was served with the Complaint on September 12, 2018.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

29. The Superior Court for Norfolk County, Massachusetts, is located within the District of Massachusetts.  *See* 28 U.S.C. § 1441(a).

30. Removing defendant HOC is not a citizen of the Commonwealth of Massachusetts, where this action was brought.  *See* 28 U.S.C. § 1441(b).

31. No previous application has been made for the relief requested herein.

32. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached as Exhibit A.

33. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the Clerk of the Superior Court for Norfolk County, Massachusetts.

34. While removal based on traditional diversity jurisdiction generally requires consent of all defendants, it is well settled that only ***properly joined and served*** defendants need consent to removal.  *See Schouman v. Schouman*, No. 96-11588-REK, 1996 WL 721195, at *4 (D. Mass. Dec. 10, 1996) ("Well-recognized exceptions to th[e unanimity] rule, however, apply to nominal, formal and improperly joined defendants, whose failure to join removal will not defeat federal jurisdiction."); *see also, e.g.*, *Thompson v. Accent Capital*, 491 F. App'x 264, 265 (2d Cir. 2012) ("Defendants who are joined fraudulently are not required to consent to the notice of removal.").  Here, Dr. Snyder is a fraudulently joined defendant.  Therefore, Dr. Snyder need not consent to removal.  Similarly, neither Corin Group, PLC or Corin USA Limited, Inc. has been served and, therefore, they need not consent to removal.

35. WHEREFORE, removing defendants respectfully remove this action from the Superior Court for Norfolk County, Massachusetts to this Court.

Respectfully submitted,

HOWMEDICA OSTEONICS CORP,


/s/ *Nelson G. Apjohn*
Nelson G. Apjohn (BBO# 020373)
napjohn@nutter.com
Robyn S. Maguire (BBO # 660372)
rmaguire@nutter.com
Katy O. Meszaros (BBO# 676036)
kmeszaros@nutter.com
Nutter, McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone:    (617) 439-2000
Facsimile:    (617) 310-9000




CERTIFICATE OF SERVICE


I certify that, on October 12, 2018, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.



/s/ *Nelson G. Apjohn*

4123542.1

11